## CASES ARGUED AND DETERMINED

IN THE

# CIRCUIT COURTS OF OHIO.

---

### APPEAL—JUSTICE OF THE PEACE.

[Cuyahoga (8th) Circuit Court, September Term, A. D. 1895.]

Mrs. Jane Mulrooney v. Charles Lederer & Son.

Caldwell, Marvin and Hale, JJ.

APPEAL BY ONE PARTY DOES NOT VACATE JUDGMENT OF DISMISSAL AGAINST ANOTHER, WHEN.

Where an action before a justice of the peace is dismissed as to one of the defendants thereto and judgment had against the other, an appeal by the latter does not vacate the judgment of dismissal and bring the former defendant into the common pleas court, especially where the rights of each defendant are distinct and separate from those of the other and can be determined without his presence.

ERROR to the court of common pleas.

E. L. Hessenmueller, for plaintiff in error.

Riley & McQuigg, for defendants in error.

MARVIN, J.

This is a case in which suit was brought by Lederer & Son before a justice of the peace of Cleveland township in this county against Jane Mulrooney and George A. Groot. Summons was issued for George A. Groot, at one time attorney of the other party defendant, and the case continued to a later date. The parties finally appeared before the justice, on November 18, 1893. The case was then dismissed as to Jane Mulrooney and proceeded to trial against Groot and judgment was rendered against him. Groot appealed his case, gave bond, and brought the case into the court of common pleas. A petition was then filed by Lederer & Son in that court against both Mulrooney and Groot. Thereupon Mrs.

Mulrooney filed a motion to have the case dismissed as to her, on the ground that she was not properly in court, because the case had been dismissed as to her before the justice. The motion was overruled, and Mrs. Mulrooney filed an answer denying everything contained in the petition. When the case came to trial, she objected to any evidence being introduced as against her; but the court overruled her objection. The case was tried without a jury. Evidence was taken and the result was that in the court of common pleas judgment was had against Mrs. Mulrooney and in favor of Groot. Mrs. Mulrooney made a motion for a new trial, which was overruled. Exception was taken, and she filed her petition in error in this court to reverse the judgment of the court of common pleas.

The question really presented is, whether she was a proper party in the court of common pleas.

As has already been said, the case was dismissed as against her by the justice of the peace; the record does not show upon what ground it was dismissed, but that would seem to be immaterial. It was dismissed as against her. She had no reason to complain of the action of the justice, and nothing to appeal from. She was entirely satisfied. Whether Lederer & Son were satisfied or not, they did not appeal the case. They acquiesced in that judgment. But Groot, against whom judgment was entered, being dissatisfied with the judgment, appealed and gave bond. Did that bring Mrs. Mulrooney into the court of common pleas so that she was bound to answer there? It would seem a strange thing that she, being entirely content with the action of the justice, and the plaintiffs being so well content with that action that they did not care to appeal, should be brought into the court of common pleas because the other defendant was dissatisfied and appealed.

The suit was upon a bill of particulars for goods and merchandise furnished originally to the defendant, Mulrooney; the bill was made to read that it was furnished to the defendants. We are not without what seems to be applicable as authority in this case in the state of Ohio. In Glass v. Greathouse, 20 Ohio 503, the syllabus reads as follows:

"In a case in chancery where there are two defendants, and the bill is dismissed as to one and a decree against the other, an appeal by the latter does not vacate the decree as to the former; more especially where there is not that necessary connection between the defendants but that the rights of one can be determined without affecting the rights of the other."

So far as appears here, there is no such connection between these two defendants, that the rights of one cannot be determined without the

presence of the other. Indeed, both courts that tried the case found their rights to be distinct and separate, although one court found against one defendant, and the other court against the other. In the opinion in Glass v. Greathouse, *supra,* on page 512, this language is used:

"But in the case now before us, there was a decree against but one of the two defendants, and he appealed. From what? Unquestionably from the decree against himself, not from the decree in favor of his codefendant. There is no necessary connection between these defendants, so that the right of one cannot be determined without deciding upon the rights of the other. We are of opinion that Thomas Greathouse is not before this court."

It seems to us that that reason and that principle apply in this case. Groot appeals from what? Not from the judgment in favor of Mrs. Mulrooney, but simply from the judgment against himself. And that being the only thing that was appealed from, what should have been tried in the court of common pleas was whether Groot was indebted to Lederer & Son.

Entertaining these views we reverse the action of the court of common pleas, and remand the case for further proceedings.